IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENYIMBA SOCIAL CLUB DALLAS INC. | § | |
| Plaintiff | § | |
| V | § | CIVIL ACTION NO. _____ |
| | § | |
| ENYIMBA SOCIAL CLUB GARLAND TEXAS INC., ENYIMBA SOCIAL CLUB INC. WACO, ENYIMBA SOCIAL CLUB USA INC. DALLAS TEXAS, & CHIBUEZE ONNY | § § § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ENYIMBA SOCIAL CLUB DALLAS INC (Enyimba) by and through its attorneys hereby file this Complaint asserting claims against Defendants ENYIMBA SOCIAL CLUB GARLAND TEXAS INC., ENYIMBA SOCIAL CLUB INC. WACO, ENYIMBA SOCIAL CLUB USA INC. DALLAS TEXAS, & CHIBUEZE ONNY **(Defendants) as follows:**

## NATURE OF ACTION AND JURISDICTION

1. This is an action for (A) trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq. ("Lanham Act"); (B) false designation of origin, false description or representation under section 15 U.S.C. Section 1125; (C) dilution of mark and infringement of registered Mark as a domain name under 15 U.S.C. Section 1125 (C)(1) & 15 U.S.C. Section 1125 (d)(1)(A)(i)(ii); (D) Texas Common law trademark infringement, Unfair competition and trademark dilution under the Texas Common law and Texas Business and Commerce code and (E) misappropriation of name or likeness, misappropriation of a business opportunity, tortious interference under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332, 1338, and 1367(a) and Chapter 85 of the Judiciary and Judicial Procedure Code and has supplemental jurisdiction over the Texas state law claims.

3. The amount in controversy is within the jurisdictional limit of this Court.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§1391(b) Defendants have conducted business in the Northern District of Texas and is subject to the Court's personal jurisdiction with respect to this action.

## PARTIES

5. Plaintiff ENYIMBA SOCIAL CLUB DALLAS INC is a Texas For-Profit Corporation organized under the laws of the State of Texas with a principal place of business in Dallas Texas, with mailing address at 8330 LBJ Freeway Ste 460, Dallas TX 75243.

6. Upon information and belief, Defendant ENYIMBA SOCIAL CLUB GARLAND TEXAS INC. is a Texas Non-Profit Corporation with a registered agent, Chibueze Onny and office at 3104 Rosslyn Court, Seagoville, TX 75159 and may be served by serving its registered agent, Chibueze Onny at this address.

7. Upon information and belief, Defendant ENYIMBA SOCIAL CLUB INC. WACO is a Texas Non-Profit Corporation with a registered agent, Chibueze Onny and office at 3104 Rosslyn Court, Seagoville, TX 75159 and may be served by serving its registered agent, Chibueze Onny at this address.

8. Upon information and belief, Defendant ENYIMBA SOCIAL CLUB USA INC. DALLAS TEXAS is a Texas Non-Profit Corporation with a registered agent, Chibueze Onny

and office at 9550 Forest Lane Suite 466, Dallas TX 75243 and may be served by serving its registered agent, Chibueze Onny at this address.

Upon information and belief, Defendant ONNY CHIBUEZE is a Texas Resident, a registered agent and address is 3104 Rosslyn Court, Seagoville, and may be served at this address.

## STATEMENT OF THE CASE

9. This is an action for trademark infringement, dilution and unfair competition arising under the trademark laws of the United States, 15 U.S.C. section 1051, et seq. to enjoin and obtain damages resulting from Defendants' unauthorized use of plaintiffs federally registered ENYIMBA SOCIAL CLUB trademark in a manner that infringes those mark and constitutes unfair competition, dilution, false designation of origin, and false description and representation.

10. Trademark infringement and unfair competition arising under Texas Common Law and other common law. lawsuit arises out of Defendants' intentional use of Plaintiffs' registered trademarks to knowingly deceive and confuse members of plaintiff organization to leave the organization and join defendant's organization using Plaintiff's name in its formation as though it is a part of plaintiff organization.

11. Defendants' unauthorized use of the federally registered ENYIMBA SOCIAL CLUB trademark in a manner that creates a likelihood of confusion and deception infringes on Plaintiff's valuable trademark right in a way that Plaintiff have been irreparably harmed by defendants.

12. Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiffs relationship with potential membership into the plaintiff's organization within the community, its

reputation and good will. Accordingly, unless and until Defendants' acts of infringement are enjoined, Plaintiff organization will suffer further irreparable harm for which there is no adequate remedy at law.

## FACTUAL BACKGROUND

13. Plaintiff, ENYIMBA SOCIAL CLUB DALLAS INC is a For-Profit Corporation formed in 1999 and incorporated in Texas since 2003 and amended in 2014. A true and correct copy of the said registration is herein incorporated by reference as Exhibit #1. It is a Social club with exclusive membership requirements.

14. At the time of formation, Enyimba Social Club was one of the first few clubs of its kind in the State of Texas. It was the only club know to use the name Enyimba Social Club. The club founders registered the club name with the Texas Secretary of State in 2003 and started to build up its reputation and gain recognition amongst the Nigerian community all over the United States and beyond. Today Enyimba Social Club is well known reputable organization with membership of over 100 families in the Dallas metroplex.

15. The main purpose of the club include but not limited to; "socialize, to promote unity among members, to assist members in time of need, to foster kinship and friendship among all members in particular and all other people in general, to build strong family ties and to encourage a high level of moral conduct and other traditional yardsticks of Enyimba family values, to promote and maintain Enyimba heritage while enhancing a smooth cultural infusion in recognition of other cultures, to promote peace and understanding among all members"

16. In June 23, 2015 ENYIMBA SOCIAL CLUB became a federally registered trademark but registration was forfeited in June 2020 due to failure to maintain required filling.

However Petitioner while still maintaining their common law trademark, refiled and reinstated the trademark in October 24, 2023 with Registration #7200877. The Registration was published in the official Gazette of the United States Patent & Trademark Office (USPTO). A true and correct copy of the said registration is herein incorporated by reference as Exhibit #2 herein. The name and mark of the Plaintiff is all well known within relevant community nationwide.

17. ENYIMBA SOCIAL CLUB DALLAS INC has for the past twenty (21) years or more spent substantial resources building and promoting its name, image and relevance within its immediate communities of Dallas fort-Worth metroplex, Austin Texas, Houston Texas metro area, and other places nationwide. The club has expended resources promoting it's brand and trademark "Enyimba Social Club" attaching it trademark name in products such as cards, brochures, name badges, plagues to members, certificates of memberships, websites, chat groups, constitution etc.

18. Defendant Chibueze Onny was a member of the Plaintiff Organization and had been for several years. Defendant Chibueze Onny has served the organization in different roles in the past. Defendant organizations and individual have registered several entities with the Texas Secretary of State within a short period of time after he left the Plaintiff organization using Plaintiff's registered trademark. A true and correct copy of the said registration(s) is herein incorporated by reference as Exhibit #3a,b,c

19. Defendant(s), activities has been to promote these new entities using plaintiff's name, logo and music as well as soliciting plaintiff's members to quit plaintiff organization and join Defendant Organization. A few of the Plaintiff Organization members have left to join the Defendant organization as evidence with the very resent induction ceremony that defendant,

Enyimba Social Club Garland conducted in the month of November of 2023, thereby hurting Plaintiff's business and reputation.

20.  After the ENYIMBA SOCIAL CLUB DALLAS INC became aware of defendants' act of registering other entities using their trademark and that Defendant plans to have an inaugural and induction ceremony, Plaintiff Organization sent a Cease and Desist Letter to Defendant's organizers on October 30, 2023. Defendants failed to response to the letter and failed to cease using Plaintiff's name. Plaintiff sent a second letter of cease and desist asking them to among other things cease infringing on the trademark of ENYIMBA SOCIAL CLUB DALLAS INC to stop using the Enyimba Social club name. A copy of the said letters is herein incorporated by reference as Exhibit #4.

21.  After the letter was sent, Defendants continued to infringe on Enyimba Social club name, parading themselves as the founders and pioneers of the social club and continued to solicit membership from members of the plaintiff club. Defendants have continued the unauthorized use of the Federally registered trademark, soliciting membership from the Plaintiff club, Inviting and conducting official events within the communities and inducting new members into their organization using Plaintiff's name, logo and music. A true and correct copies of the activities referenced above are herein incorporated by reference as Exhibit #5.

### COUNT 1
### Federal Trademark Infringement of ENYIMBA SOCIAL CLUB DALLAS INC Mark

22. Paragraphs 1 through 21 are incorporated by reference as if fully restarted herein.

23. ENYIMBA SOCIAL CLUB DALLAS INC Dallas Owns all right, title and interest in the ENYIMBA SOCIAL CLUB mark, with registration No. 7200877, which Plaintiff promotes

and use in commerce in connection to variety of services and or activities relating to socializing, organizing and member benefits.

24. Plaintiff have been using the ENYIMBA SOCIAL CLUB mark since 1999.

26. The plaintiff's mark is validly registered under the trademark law.

27. Without consent of ENYIMBA SOCIAL CLUB DALLAS INC, defendants have used and are using in commerce, reproduction, colorable imitation of plaintiff's federally registered mark in connection with distributing or advertising of services on or in connection with which such is likely to cause confusion or to cause mistake or to deceive in violation of 15 U.S.C. section 1114(1)(a) &(b) by defendants creating a new club with Plaintiff's name and trademark and recruiting member from plaintiff organization as though it is the same club.

28. Defendants acts of trademark infringement are knowing, intentional, and willful in violation of 15 U.S.C. section 1125. Since the Cease and Desist letters were sent, Defendants has created membership forms, website, solicitation materials, WhatsApp pages with ENYIMBA SOCIAL CLUB mark on these documents. Defendants continue to distribute information to members of the community using Plaintiff's name causing members of Plaintiff's organization and potential members to be confused of defendant's affiliation to the Plaintiff.

29. As a result of Defendant's act of trademark infringement, Plaintiff are suffering irreparable harm.

30. Unless and until defendants are enjoined by this Court pursuant to 15 U.S.C. Section 1116, Defendants will continue to commit acts of trademark infringements and will continue to confuse consumers and cause irreparable harm to Plaintiff.

31.  Plaintiff is entitled to recover from Defendant all damages that plaintiff have sustained from Defendant' infringement, prejudgment interest, and the cost of the action pursuant to 15 U.S.C. Section 1117.

32.  Because Defendant's conduct is willful, Plaintiff is entitled to recover from Defendants treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. section 1117

## COUNT II
### FEDERAL FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION OR REPRESNTATION

33. Plaintiffs repeat the allegations above as if fully set forth herein and incorporates by reference paragraph 1 through 32.

34. Under 15 U.S.C. section 1125 (a)(1)(A), The acts of Defendants complained of herein constitute false designation of origin, false description or representation in violation of the Lanhan Act when defendant in connection with a service (Social Club) uses in commerce, name or symbol, or logo or music of plaintiff or use misleading description of fact or misleading representation of fact which defendants know is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association or defendant to Plaintiff.

35. Consumers, potential members and the general public are misled and likely to be misled and deceived by defendant's use of Plaintiff's name as though the two organization are connected or one and the same.

36. Chibueze Onny and co defendnats knows or should have known and indeed was specifically informed that using Enyimba Social Club mark was infringing on Plaintiff's trademark name and or misleading or likely to mislead.

37. Plaintiffs have been damaged by Defendants' acts of trademark infringement, false

designation or origin, false or misleading descriptions or representations of fact.

## COUNT III
## FEDERAL DILUTION OF MARK & INFRINGEMENT OF REGISTERED MARK

38. Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1-37 as if fully set forth herein.

39. Defendants has without regard to the services of Plaintiff and in bad faith with intent to profit from Plaintiff's mark, registers, traffics in or uses a domain names that is identical or confusing similar to the Plaintiff's mark or identical to plaintiff's name and trademark.

40. Plaintiff owns the legally protected mark Enyimba Social club.

41. The acts of Defendants complained of herein constitute trademark infringement and dilution in violation of 15 U.S.C. section 1125(c)(1) and 15 U.S.C. section 1125 (d)(1)(A)(i)(ii).

## COUNT IV
## TEXAS COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

42. Plaintiffs repeat the allegations contained in Paragraph 1-41 as if fully set forth herein.

43. Plaintiff owns the legally protected mark ENYIMBA SOCIAL CLUB.

44. The acts of Defendants complained of herein, constitute trademark infringement in violation of the common law of the State of Texas.

45. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

46. The unauthorized use of Plaintiff's name confuses members and potential members of Plaintiff organization.

47. The acts of Defendants complained of herein constitute dilution by blurring of Plaintiffs' famous Coalcity Social Club Marks in violation of Texas Business and Commerce Code §16.103.

### COUNT V
### MISAPPROPRIATION OF NAME OR LIKENESS & MISAPPROPRIATION OF BUSINESS OPPORTUNITY

48. Plaintiffs repeat the allegations above as if fully set forth herein.

49. The acts of Defendants complained of herein constitute misappropriation of name or likeness in violation of the common law of the State of Texas.

50. The acts of Defendants complained of herein constitute misappropriation of a business opportunity (also known as unfair competition by misappropriation) in violation of the common law of the State of Texas.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

(a) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the ENYIMBA SOCIAL CLUB Marks and any other mark or name confusingly similar to or likely to cause dilution of the ENYIMBA SOCIAL CLUB Marks, including any confusingly similar marks, from misappropriating ENYIMBA SOCIAL CLUB's name or likeness and Plaintiffs' business opportunities, and from any attempt to retain any part

of the goodwill misappropriated from Plaintiffs, including but not limited to by purchasing ENYIMBA SOCIAL CLUB web name.

(b) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them initiate and complete a change of name with the Secretary of state or in the alternative, deregister the contested mark and name.

(c) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all internet postings and advertisements, and any other materials bearing or using the ENYIMBA SOCIAL CLUB Marks and/or any other mark or name that is confusingly similar to or likely to dilute the ENYIMBA SOCIAL CLUB Marks;

(d) Defendants be ordered to file with this Court and to serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e) Plaintiffs recover all damages they have sustained as a result of Defendants' activities, and those said damages be trebled;

(f) Plaintiffs recover their reasonable attorneys' fees;

(g) Plaintiffs recover their costs of this action and prejudgment and post-judgment interest; and

(h) Plaintiffs recover such other relief as the Court may deem appropriate.

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing blow, I certify to the best of my knowledge, information, and belief that this compliant:(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.

Respectfully submitted,

NWOKOYE LAW FIRM
3620 SOUTH COOPER ST
SUITE 100
ARLINGTON,TX 76015


/s/ Violet Nwokoye
_____
VIOLET NWOKOYE
Attorney for: Plaintiff
Bar no: 24041607
Phone: 8179620773
Fax: 8885174445
Email: VIOLET@NWOKOYELAW.COM